IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THE UNITED STATES OF AMERICA          :

                                      :
    v.                                    Criminal Case No. DKC 11-0307
                                      :   Civil Action No. DKC 16-1558

DION VOYT CAULEY                      :

**MEMORANDUM OPINION**

On May 19, 2016, a motion to vacate conviction under 28 U.S.C. § 2255 was filed on behalf of Dion Voyt Cauley by the Office of the Federal Public Defender. (ECF No. 67).  That motion challenged Mr. Cauley's conviction for the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  Many such motions were filed within the one-year period after the Supreme Court of the United States rendered its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  *Johnson*, of course, invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), finding it unconstitutionally vague.  Contending that the similar residual clause in § 924(c) was also unconstitutional, Mr. Cauley asserted that the Hobbs Act robbery underlying his § 924(c) conviction could no longer qualify as a crime of violence.

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). If the § 2255 motion, along with the files and records of the case, conclusively show that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

Since the filing of the motion, the Court decided *United States v. Davis*, 139 S.Ct. 2319 (2019), finding, as anticipated, that the residual clause in § 924(c) is also unconstitutionally vague. On the other hand, however, the United States Court of Appeals for the Fourth Circuit, in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), held that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) still qualifies as a crime of violence under the force clause of § 924(c). Inasmuch as Mr. Cauley was convicted of using the firearm during and in relation to a Hobbs Act robbery as the underlying crime of violence, there is no defect in his conviction and the motion to vacate fails and will be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this court is required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S.Ct. 759, 773-74 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right.  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Mr. Cauley has not made the necessary showing and a certificate of appealability will not issue.  A separate order will follow.

           /s/_____

DEBORAH K. CHASANOW
United States District Judge
